United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-11271
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE CAREY, also known as Winkey,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-73-3
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lawrence Carey appeals the 240 month sentence imposed following his guilty plea conviction for conspiracy to possess and distribute more than five kilograms of crack cocaine, aiding and abetting the distribution of more than five kilograms of crack cocaine, and distribution of more than five kilograms of crack cocaine. Carey argues that the Government withheld exculpatory or mitigating evidence by failing to disclose that Michael Holt and Bertrand Bell recanted incriminating allegations made against Carey, the Government violated the Jencks Act by not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disclosing statements made by Krystal Simpson during plea negotiations, and he was denied his right to confront witnesses in light of Crawford v. Washington, 541 U.S. 36 (2004), because Special Agent Coffindaffer testified regarding information from a confidential informant.

There is no indication in the record that the Government withheld information that Holt and Bell recanted earlier allegations against Carey. Carey was aware of the recantations prior to his sentencing hearing and called Holt as a witness on his behalf. Thus, he does not show that the Government withheld favorable evidence that would have altered the result of the proceeding. See United States v. Moore, 452 F.3d 382, 387-88 (5th Cir.), cert. denied, 127 S. Ct. 423 (2006).

The Government did not violate the Jencks Act by failing to provide statements made by Simpson to law enforcement authorities. See 18 U.S.C. § 3500(b). Simpson was not called as a Government witness. The documents were provided to Carey upon his motion. Moreover, there is no indication in the record that the statements were made during plea negotiations. Carey argues in the alternative that Simpson's statements to law enforcement authorities were inconsistent with her testimony at the sentencing proceeding. Carey fails to identify any inconsistencies that support this allegation.

Carey's argument that his confrontation rights were violated is also without merit. "[T]here is no Crawford violation when

hearsay testimony is used at sentencing." <u>United States v.</u> <u>Beydoun</u>, 469 F.3d 102, 108 (5th Cir. 2006).

Because none of Carey's assigned errors have merit, there is no cumulative error that requires reversal. <u>See</u> <u>United States v.</u> <u>Neal</u>, 27 F.3d 1035, 1052 (5th Cir. 1994).

Accordingly, the judgment of the district court is AFFIRMED.